Our third and final case 24-1963 Ali v. BC Architects Engineers, PLC Mr. Dahle, whenever you're ready Good morning, Your Honors. May it please the Court We're seeking the reversal of sanctions under 28 U.S.C. Section 1927 The Defendants sought and the District Court granted almost $58,000 in sanctions because we filed in opposition to the Defendant's Rule 56 motion in a civil rights employment case for claims under 1981 The District Court deemed that because we were not able to show pretext or under Step 2 of the McDonnell-Douglas Standards, sanctions were warranted under 1927 And in the filing of our second appeal case number 21-1736 Putting aside that we're not aware of any court awarding sanctions for the failure to show pretext, Section 1927 sanctions are also very specific sanctions These sanctions have got nothing to do with the merits of the case or that they are warranted because a party has failed to show pretext Thus, as this Court has now twice held in EEOC v. Great Stakes and Debauchery Training, whether a claim has merit or no merit cannot be the basis for sanctions under Section 1927 Whether those sanctions have been awarded is because the parties filed a series of nonsensical motions, deposed unnecessary parties, or in some instances were unprepared for trial or discovery All we filed was a complaint and an amended complaint. The latter was at the request of the Defence Council. We had no intention of filing an amended complaint We also held three depositions, two from the owners of the company and the third of Ali's co-worker, or about less than a total of seven hours for all three depositions Our Rule 33 and Rule 34 requests were also under the limits prescribed under the local rules of the Eastern District of Virginia In this case, 22 interrogative requests and 24 document requests Under both Great Stakes and Debauchery, that is not multiplication of proceedings under Section 1927 Is it simply a matter of counting the number of pleadings and activity in a case? Is it your view that a 1927 sanctions motion could never succeed by the filing of one vexatious pleading? That is the standard that has been held by this Court. We contend that none of our pleadings are vexatious, certainly not in opposition to a motion for summary judgment which is warranted under the Federal Rules of Civil Procedure and the local rules Yes, so that's our position. Defendants in their brief do not even cite to Great Stakes, nor do they cite to Debauchery v. Tranny, and in fact have conceded that Moreover, as we stated in our briefs, the Plaintiff Naval Ali had strong circumstantial claims for retaliation As this Court knows, and even the District Court held, Ali engaged in protected activity on March 30, 2016, when she informed the employer of race discrimination at the workplace So to be fair to you, in terms of where I'm focusing on this, I could just let you go on, but I want to make sure you're addressing my concerns At the end of the discovery, the District Court basically came to the conclusion that you should have known there was no evidentiary support for the retaliation claim What was the evidentiary support that you had at the end of the discovery that would have supported a retaliation claim? I had one, the job posting on April 8, 2016, eight days after her protected activity What would the job posting have established? The job posting this Court has held in Gacy is another case of mine, where there is an adverse inference, where there is an adverse action that came on the heels of the protected activity In this case, eight days, that raises a presumption, and some other circuits have held a strong presumption of retaliation So I had numerous. The job posting is only one, Your Honor. I had the job posting on April 8 I had the actual termination followed eight days later Then I also had the defendant not following their progressive discipline policy because they forgot, did not know the policy existed I also had their fraudulent submissions to the Virginia Employment Commission, where they stated they spoke to her on January 20, 2016, highlighting her deficiencies And when I asked them the deposition, well, what exactly did you speak about her deficiencies? What did you say? I don't know. Where did you say it? I don't know. What exactly did you tell her? I don't know. And then the second thing they stated in the Virginia Employment Commission, oh, that we also warned her about her job performances on October 2016 That is to say, six months after she was terminated, supposedly somebody on their side told her that she was not performing her job Again, during the deposition, I asked them, what did you tell her six months after you terminated her? We don't know. So those were the circumstantial evidence that I had to show that defendants had committed retaliation And I mentioned this in my briefs, I have had, the most recent case of the EDVA was actually less than a year ago In Washington Gas, Young v. Washington Gas, where I had a similar chain of events, except those chain of events were much longer My clients in Washington Gas engaged in protected activity four months before they were terminated And in Washington Gas, the employer said, we did not only terminate your client, we terminated all 10 of them because of COVID I prevailed in that motion for summary judgment. The reason I prevailed for the summary judgment was because the district court and the district judge in that court said that the evidence that the defendant produced of my client's poor performance was similar to what BC produced All of the poor performances in Washington Gas arose immediately after protected activity Which brings me to another point. In their brief, pages 4-6, they cite to the Carville Project, they cite to the Hebrew Project, they cite to the Potterville Project and the Whitefoot Project All of them arose after March 30, 2016, which as I have said again and again, I have prevailed on those cases numerous times In this circuit and in other circuits, when an employee comes and says, right after they engaged in protected activity, your employee was horrible So that is my circumstantial evidence. That was the juice that I had to show retaliation And I've prevailed in those cases, time after time, where the employee's motion for summary judgment has been denied twice in this circuit May I ask you a question about how your arguments fit together? I hear you arguing two things today One is, we didn't take any affirmative act to multiply the litigation here, so that's it And then the other is, well even if we did, there were grounds for our litigation position Absolutely How do those two things fit together? Are those alternative arguments? No, I believe they are part of the same argument under section 1927 In looking at the case law I'm sorry, so we don't have to decide, let me put it this way When I look at the statute, it does sort of look to me like you need some kind of an affirmative act that made the proceedings, that multiplied the proceedings I do think we have some cases that suggest otherwise, that even just a failure to dismiss your case once you know it's frivolous You don't do anything to make the proceedings any longer, you just don't dismiss That that might be enough for sanctions But we wouldn't even have to decide that if you're right about your second argument That whatever, I had perfectly legitimate grounds for my opposition to summary judgment and my appeal You're absolutely right Okay, so in that sense they're alternative Yes Okay Going on to my, well I guess I was going to say other evidence pointing to circumstantial evidence I've already stated that As again, going to that line of questioning your honor During the deposition, no one from BC Architects, in this case Brian Quinn or Christopher Morin, told us that Ali was not performing on those four projects That arose after March 13, in this case the Carville, the Hebrew, the Porterville and the Whiteford projects Instead during their deposition, they simply told us that Ali did not turn in one CAD drawing for the filter project Now, there are two additional things interesting about the filter project One, it is not listed anywhere in the affidavits in support of the motion for summary judgment Two, it is also not listed in their reply brief So that goes back to the question that Judge Harris rose and perhaps even that Judge Wynn rose What was the juice or the evidence that I had to show that they retaliated against my client? They kept, it was like playing whack-a-mole with these guys Every time I would bust them on something, that something was false, another argument would be raised In this case, the four projects that supposedly came on the heels of a protected activity That was not what they testified to at the time of the deposition Not one Finally, notwithstanding that also Morin had testified in his deposition that Ali did not perform during the filter project Or turn in the one drawing, when I deposed Quinn immediately after And I think his deposition was about less than an hour long, I would say it was about 45 minutes He told me that he could not identify any project that Ali had fallen behind on We also talked about the defendant's progressive discipline policy, which they say they did not know And now that they know that we know, they would like to place my client on a performance improvement plan Which to me in practice, what they have effectively said is two things One, we did not follow our progressive discipline policy And there's so much a case law from this circuit and around the country That when an employer fails to follow their policy, it is circumstantial evidence of retaliation That was the second thing I was going to raise about that The second thing about that is when they say that they would now like to place my client on a performance improvement plan They have in effect done what? They have retracted her termination In which case, great, bring Ali back to work, they can put her back on a performance improvement plan I don't know how many months they want to put her on it, but do it Once again, going to my initial point, I had so much of evidence for retaliation in this case Finally, the district court again engaged in merits analysis When it held that our appeal was meritless and thus warranting additional fees on the part of BC Architects As we stated in our brief, only the court of appeals can award sanctions for filings made in this court That has been the standard by almost every circuit in this country Moreover, there's nothing in this court's one page order saying that our second appeal was without merit In fact, as we again pointed out in our brief, the defendant filed a motion for summary disposition with the court Only for the court to deny that summary disposition and asked us to submit our briefs on the merits We did, and the district court sanctioned us In short, when in here BC posted Ali's job eight days after a protected activity And fired her seven to eight days later, we had circumstantial evidence of BC's retaliation These two facts alone are sufficient to deny sanctions under 1927 We ask that this court reverse the sanctions order in its entirety Absent that, it will result in this court being flooded with appeals like this Eviscerating the prosecution of civil rights claims on the fear that if a plaintiff fails to show pretext They will be subject to sanctions And the latter is a real concern because a lot of the times, more often than not Employees lose their motion for summary judgment If there are no further questions, I believe my time is close to being up Thank you, sir Thank you Good morning, may it please the court I'm Lars Liebler, I represent BC Architects We are now in the fourth appeal of a case that has recently passed the seven year anniversary And we're approaching the ten year anniversary of the day in which BC terminated Nawal's Ali's employment for poor performance During this time period, the small architecture firm in Falls Church Has been saddled with thousands and thousands of dollars of legal fees Defending itself from the entirely baseless and scandalous allegations made by Mr. Dali That it discriminated against Ms. Ali based on her race And retaliated against her for her complaints made in the workplace The company owners Brian Quinn and Chris Morin have had to defend themselves Reports from Mr. Dali's repeated ad hominem attacks in which they call And Mr. Dali called them liars, racists, thieves, and crooks His relentless pursuit of BC is similar to Captain Ahab chasing Moby Dick around all seven seas When the crew was saying, why, why? All he did was sue them and then not give up the case Not just dismiss the case voluntarily That doesn't sound Ahab-like Well, it does in light of the evidence that was produced during discovery And was available to him probably well before discovery And I think to answer your question, Judge Harris The question about the statute in 1927 The cases that routinely construed that statute in the Fourth Circuit Beginning with Blue v. Department of the Army And many, many cases after that Give it wide latitude And so although the word multiplication is in the statute itself The question is, in response to Judge Diaz It's not a question of how many pleadings you file It is indeed the conduct of the litigation And that is what under the District Court found Is the conduct of the litigation of continuing to fight this litigation After every single factual basis For his claims of both discrimination and retaliation Were completely eviscerated Well, it seems to get into a different area When a case is between the parties The lawyers are not the parties They are people who bring the actions and stuff There are a lot of cases that go on for years and years And I have the same question Why does this keep taking on and on? And I think there are a lot of instances Sanctions could, under these facts, be implicated But here a trial judge chose not to As I understand it, not to award attorney fees And costs on the section 1988 Is that correct? The judge came to the conclusion That fees and costs were warranted under 1988 But he chose not to award them under that And what you've just given Would seem to give a basis To award the costs under section 1988 Realizing it's going against the client But that's what section 1988 provides for But this judge said, no I'm not going to do this against the person Who is bringing this action Who's taking the vacations Who's done all these things that's involved here I'm going against the lawyer Because the lawyer keeps filing stuff And I think about when a lawyer files stuff There are some pretty quick ways You can take care of that You file a motion and says You know, judge, there's nothing to this It's frivolous I mean, what do you do? I mean, there are a lot of pre-trial motions That can be filed Particularly after discovery You say after discovery It's all out there There's nothing on discovery That happens all the time now Of course, you go through discovery Find there's nothing there Then you come to summary judgment Case over But here it goes further Well, I think that the 1927 statute Covers exactly this situation Where you come to the conclusion At the end of discovery Which was February 21st And every single allegation That was in the three complaints An original complaint A first amendment And second amendment complaint And the basis from which Mr. Dolly Was able to obtain the remand And the retaliation Was absolutely and directly refuted But there was new evidence that came out And, you know, you can't change your claims But if new evidence comes out in discovery You're allowed to use that And it did turn up in discovery, right? That there had been this departure From the handbook's progressive discipline policy Which Go ahead Which the district court found Of no moment whatsoever And it had nothing to do With racial discrimination I was puzzled by that I was puzzled by that Given our very clear law That a departure From a discipline policy Is indeed circumstantial evidence Of retaliatory intent Same with the shifting explanations And I know the district court said Oh, they all look Pretty much the same to me And for that he cited Three cases from the 8th circuit And the 4th circuit Were pretty rigorous about that And those really were shifting explanations They were not the same I mean, at that point You know, we take This is a weird case Because we know This was not a meritorious claim Already lost on appeal Right But it's not like it was a frivolous claim I disagree with you I disagree You agree that's the standard Was this a frivolous argument Oh, I think that it fell Into a bad faith argument I think that when The crux of this argument was That on March 30th, 2016 This woman came in And complained to the bosses I don't want to be supervised By SORAB anymore And in every single complaint At that point from there on Was after March 30th The B.C. Architects owners decided We're going to retaliate against her The very next day And he never put this Into any of his pleadings at all His client must have known about it The very next day She emails within hours After this supposed This protected activity And says, I'd like to stay at home And work from home today The B.C. owners said Yes, please do Happy birthday That was never revealed He never responded to it He ignored it the entire time Other than to sarcastically say There's no recognized legal defense Called the happy birthday defense We will laugh at that When it goes in front of the jury He never addressed it in his response He kept fighting it The two other items That were in every single complaint Was that Ms. Alley made Two reasonable requests To work from home After March 30th And they were denied Number one The first one right after Was granted The next one was April 4th He claimed all the way to the end That she asked for permission To work from home The email is right in the discovery It says I'm not coming in to work today I'm not sure how I mean that You're sort of picking at the record And suggesting that Perhaps Your colleague on the other side Wasn't as forthcoming As he should have been But how does that Amount to an unreasonable Multiplication of the pleadings Or the case And related to that I want to ask you about the District Court's Order on summary judgment Which If you read it I mean it seems like A pretty sober Reasonable analysis Of competing positions With respect to the merits of the claim Ultimately resulting In a loss for the plaintiff But frankly no different Than most of the other Most of many other Summary judgment motions that we Or orders that we see And then all of a sudden It's like a 180 A motion for sanctions Is filed And the judge has a Completely different view Of this record That just struck me as Quite odd I think he's measured And he doesn't put a lot Of flowery language in there I think that he Has I think it makes sense For us to jump back For just a moment To what the standard of review is The standard of review Is abuse of discretion And all the cases That talk about the Abuse of discretion With respect to sanctions And attorney's fees Make this point The district court judge Has been in this case From the very beginning From November of 2018 When this was filed He had full access To the administrative record Which shows that there was Much chicanery going on On checking every single box And that this was not A race case And that once Mr. Dolly Figured out that there were Fewer than 15 employees And that he couldn't bring A Title VII case That he changed his theory To race There's nothing in the Administrative record In which this woman Made a claim about race In any way whatsoever So what's the procedure Of this case? This From November of 2018 When was the case Dismissed on the merits? On the merits? Yes May In May of 2021 So About a year and a half later No, 18 It's three years It's at least three years 21 It's 18 to 21 It's nearly three years I mean Case is filed And you go through discovery How long did discovery take? The judge granted a motion To dismiss And it came to this court But when case is filed In 2018 Correct Then when is discovery? Discovery is in the beginning Of 2021 So what happened Between 2018 and 2021? Re-amended under what? Was it When you say re-amended Under what rule?  Under 15 We filed a motion to dismiss And he amended the complaint You can do that Right You can amend a claim So it's amended And then it's still going on And you don't have a problem At that point Because you haven't gotten it You haven't gone to discovery yet And discovery takes place in When? It takes place in 2021 So 2021 is You then have discovery And how long does discovery go? Three months And then At the end of three Do you know the month? The end of discovery was He had every single document In February of 2021 Can I back up for just No, no Go ahead I just want I'm just trying to understand Possibly It was February 2021 Because you make out like It's so many procedures And all is going on I'm trying to understand So you got this happened then In 2021 How long after that discovery Is it before it actually goes to court And the judge makes a decision In 2021, right? In May of 2021 We had a hearing on May 5th, 2020 And discovery had ended what month? In February So April, May April Every year March, April, May Three months later You didn't have a case dismissed After discovery was this That That's it From then on All we're talking about now Is sanctions Based upon Having filed a complaint And It can't be no It can't be no Don't shake no About filing a complaint The complaint was filed in 2018 It was filed in 2018 I apologize Okay So don't I'll tell you I'll tell you why I'm shaking my head now That's not it So 2018 Late 2000 You got a complaint You go through all this time A minute complaint Nothing wrong with that That's what plaintiffs do all the time Come to discovery Nothing wrong with that Discovery ends in February Three months later Which is pretty quick He's out of court He's had nothing You decide You know Discovery didn't show up anything When do you say He should have Pulled out of it then If there's sanctions For that three months Of waiting from the end of discovery Until the dismissal Should he Immediately after discovery said Alright I don't have anything Let's don't go back to court Correct So for three months And that's what the judge said So we're dealing with three months Of this lawyer Failing To You had three months of Waiting for the court to see it That's what we're here for It's not based on a calendar Your honor It's based on the fact that He had the information That the case had Absolutely no merit whatsoever So you're saying After every discovery And it'll change litigation I litigated back But it's been a hundred years ago Been a long time After every discovery When if If the lawyer If you go through it And says well nothing is here Right then The lawyer has a duty To file to have that case dismissed That's what this court has ruled And May I read But if you wait Until just a court comes The next court hearing Which is only three months away Could have been Court could have had a hearing The next week If wanted to Had the calendar allowed it But just wait Until the next one Nothing is happening No You I mean Whatever's going on I got it But if you wait Then you Then you Up The lawyer can be sanctioned For fees For Wait But judge He didn't sanction for fees From the beginning of the case He started What the What the statute says For the three months For the three months That's what he did Anything from that time period forward He did nothing before So he's not being sanctioned For the behavior From the first complaint Second amendment complaint From the first appeal All that That's not The subject of his sanctions So from now on He's being sanctioned For challenging the sanction No He has been challenged No Not for challenging the sanction That's what this proceeding is That's right He has He's been sanctioned There's no sanction being sought For anything Other than those three months In which time We had to prepare A gigantic summary judgment motion But Make sure I understand the time I'll leave it alone The only Question here Is how much Is the sanction For those three months Awaiting from The end of discovery To the time the judge Dismissed the case Is that it He then Decided And used his discretion To then Decide that it was A frivolous appeal And added those as well But So he Sanctioned him From the time period Which is totally Consistent with The Salvin Case In 2008 281 Federal appendix 222  Took him back to the time he filed No It takes it back to the time That he Opposed The summary judgment motion It was February 21st Is when he had Every single piece Of evidence That showed there was No merit to his claim At all And did he appeal From the merits Or did he appeal From the sanctions It's appeal From the merits But then what happens On that On that Yeah He included those fees And that's completely Permissible Under this court's Which are And those fees are intended To be compensatory Right They're compensatory Okay So why Hold on Why did he decide Why did the judge Then decide That you were entitled To your Typical fees As opposed to the ones You were actually charging If they're supposed To be Compensatory Because it was It was compensatory Because that was What Because the The company Suffered Having to pay Those Didn't have to pay them You gave them A friend of the firm Right Apparently Indeed Your choice I did So I think that the case Law is pretty clear That when you have A compensatory Matter like that And you determine What the value Of the services Were provided That's what you Well the best evidence Of that Is what you charged Your honor I don't think That that has been Challenged On the appeal But I think that It certainly Is an indication Of what the value Is and that they Suffered so It seems to suggest That this was punitive Not compensatory Okay Can I answer The question about Whether the You don't like that question I don't like that question Okay All right Answer the one you like I'll answer the one I like Which is That the 6B Generations Federal Credit Union case Which was in 2018 This is the exact Same situation Where the judge Determined that Due to Misrepresenting The record In front of the judge That he then Applied 1927 Sanctions Including for the Time period That included An appeal And then it came Back to the court Just to clarify The award Of Fees Here It doesn't Cover anything Having to do With the sanctions Litigation I wasn't really Clear on how To read the District court On that It doesn't Include anything In this appeal I do believe It included Me filing The motion For sanctions And arguing that So it does Yes Okay That's permissible Under the case law Okay But it doesn't Include the appeals On the sanctions Motion  For the process That we're engaging In right now It does not What about Your first appeal I'm sorry What about the First appeal From the sanctions Motion Where you did Move before us For fees For that appeal Can you get Fees for that In the district court No I don't Think that he He didn't Award those  I don't believe Don't you know On the fees For when he Made the interlocutory Appeal Right I don't recall Whether that was Included in the Fee petition Or not I don't think That it was I think that It was not I'm almost positive It was not I would have to Check the record On that Okay But he Awarded it From was And again We have a rule 60 motion That's pending Before you Wanted to ask That you grant That as well To allow the District court Judge to Clean up the Record As you see From the rule 60 motion On March 31st He issued In ECF 117 Our right To the Sanctions fees And he said The time period Begins from the Time that he Filed his Baseless opposition To the summary Judgment motion Which included No evidence And ignored All of our Evidence Then 18 months Later When he said I'm now going to Decide the actual Amount of the fees In three different Places in that Opinion Which is the one That we're Here before He then said I have Awarded Fees For the preparation Of the motion For summary Judgment So he Made It's an error Under rule 60 He needs to Reconcile those Fees too And be given The opportunity To fix That error Under rule 60A And we ask That you grant That motion So he has That ability Okay One last Classification in terms Of timing So The case Is Dismissed in May Of Summary judgment Whatever in May of 2021 Correct And then A motion Is made For section 1988 And section 1927 Fees When is that Motion made Shortly after The dismissal In the interim The case Is Appealed To this Court Correct Then The court Waits And does Not issue An order On the Fees Nor the  He waits Until the Fees   But could Have I assume Did the Court Still have Jurisdiction To do That At that Point Or how Did that Work The court Has Jurisdiction To Determine The Fees Issue So it Could Have Entered Into  Order Or made A determination On whether Fees And sanctions Or sanctions Were going To be Imposed On the  Counsel does Not know He's going To have Sanctions Against Them Nor does He know That if he Keeps this Appeal And have Those sanctions He's going To pay Not only for Those sanctions But sanctions For the Appeal Because there's Nothing there The court Has made A determination On this And then Ultimately Once this Court Makes a Decision I'll Remind me What was Our decision On the  Your decision On the  Was simply To affirm Without Opinion There's no There's no Evident error From the Record Summary Judgment Was proper We just issued A one Paragraph Correct It was a One paragraph And what Did it Say Did it Say It affirmed But did It say It affirmed Because this Is a Frivolous matter Or there's No evidence Or it just Affirmed It affirmed On the basis Of the It didn't Dismiss it Because the Dismissal would Be if you Dismiss the Appeal Then you say It was Frivolous We dismiss It It affirmed It Affirmed The holding On the Merits Correct And then It goes Back and Then you Resume Your Objection And you Resume Your Objection And I     And Resume Your Objection And It Resumes Your Objection Okay And So We Resumed Our Objection And 0 We Resumed  Objection                     Inclusion So Resume  2 0 0 0 0 1 0 1 4 0 0 6 0 0 0 0 3 6 0 1 4 6 0 1 5 0 5 0 6 1 0 6 6 0 1 0 0 6 0 1 5 0 6 0 5 0 6 0 0 6 0 6 0 6 0 6 0 6 0 6 0 6 0 6 0 6 0 0 6 0 6 0 6 0 6 0
judges: Albert Diaz, James Andrew Wynn, Pamela A. Harris